U.S. DISTRICT COURT
~TERN DISTRICT OF LOUISIAN/
RECEIVED

NOV 3 0 2015

TONY R. MOORE, CLERK
BY _____
DEPUT

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

a

| | |
|---|---|
| **BOOKER E. LOYDEN (#250854)** | **DOCKET NO. 15-cv-2100; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

*Pro se* Petitioner Booker E. Loyden filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 27, 2015.  [Doc. #1]  Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary at Angola, Louisiana. He challenges his conviction and sentence in the Ninth Judicial District Court, Rapides Parish, for aggravated rape and aggravated oral sexual battery.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner was charged by bill of indictment on February 24, 2000, with two counts of aggravated rape and one count of aggravated oral sexual battery. State v. Loyden, 2004-1558 (La. App. 3 Cir. 4/6/05), 899 So. 2d 166, 169-70. The jury returned a unanimous verdict, finding the defendant guilty of two counts of aggravated rape and one count of aggravated oral sexual battery. See id.

Petitioner appealed his conviction, which was affirmed on appeal. See id. He alleges that he sought review in the Louisiana Supreme Court, which denied writs on April 9, 2007. However, he does not provide a copy of the writ denial or the docket number, and a search of presumptively reliable published jurisprudence of the Louisiana Supreme Court reveals no writ judgments on direct review following the Third Circuit's decision of April 6, 2005. Petitioner was ordered to amend his petition to provide a dated copy of the writ application allegedly filed in the Louisiana Supreme Court on direct review, which Petitioner states was denied on April 9, 2007, and a copy of the writ denial by the Louisiana Supreme Court on April 9, 2007, which does appear in the presumptively reliable published jurisprudence of the Louisiana Supreme Court. Petitioner failed to provide any such information. Petitioner did not seek further review in the United States Supreme Court.

Petitioner filed an application for post-conviction relief in the Ninth Judicial District Court on April 5, 2007. [Doc. #1, p.10] The application remained pending for several years until the Third Circuit ordered the trial court to take action on the motion. [Doc. #1, p.10] An evidentiary hearing was conducted on November 13, 2012, and another hearing was conducted on December 18, 2012. On January 2, 2013, the trial court denied post-conviction relief. [Doc. #5, p.3-4] The Third Circuit denied Petitioner's writ of

review on March 19, 2013, and July 17, 2014, and the Louisiana Supreme Court denied writs on June 5, 2015. [Doc. #5, p.2-4]

### *Law and Analysis*

Before reaching the merits of a habeas claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court; whether the petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1); and, whether any of the claims raised are subject to the procedural default doctrine.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a "1-year period of limitation shall apply" to a state prisoner's application for a writ of habeas corpus in federal court. 28 U.S.C. §2244(d)(1). This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

Petitioner sought direct review in the Third Circuit Court of Appeals. Although he initially claimed that he sought direct review in the Louisiana Supreme Court, he failed to provide a docket number, citation, copy of the writ application, or writ denial issued by that Court. Moreover, the presumptively reliable published jurisprudence of the Louisiana Supreme Court does not reflect that such relief was sought by Petitioner. Additionally, no

such writ is referenced on his application for post-conviction relief. [Doc. #5, p.23-24] Thus, it appears that Petitioner did not seek direct review in the Louisiana Supreme Court. As such, his conviction became final for AEDPA purposes thirty days after the April 6, 2005, ruling of the Third Circuit Court of Appeals, on or about May 6, 2005. Petitioner then had one year from that date within which to file a petition for writ of habeas corpus under §2254. The petition was not filed until July 27, 2015.

Section §2244(d)(2) contains a statutory tolling provision, which provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). ***However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period.*** See Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999), citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). Federal courts may raise the one-year time limitation sua sponte. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner filed an application for post-conviction relief in the Ninth Judicial District Court on April 9, 2007 (signed by Petitioner on April 7, 2007). Thus, the period of time from the day his conviction became final – May 6, 2005, to the day he filed his

4

application for post conviction relief - April 7, 2007, is counted against the one-year limitations period of the AEDPA. The one year limitations period expired prior to Petitioner filing his application for post-conviction relief. Thus, the available evidence establishes that the instant petition is time-barred.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (citing Barrow v. New Orleans S.S Ass'n, 932 F.2d 473, 478 (5th Cir.1991)). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged

5

that he was actively misled by the state nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

### *Conclusion*

**For the forgoing reasons, IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because Petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM**

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS
ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

### *Certificate of Appealability*

*Pursuant to Rule 11(a) of the Rules Governing Section 2254
Cases in the United States District Courts, this court must issue
or deny a certificate of appealability when it enters a final order
adverse to the applicant. Unless a Circuit Justice or District
Judge issues a certificate of appealability, an appeal may not be
taken to the court of appeals. Within fourteen (14) days from
service of this Report and Recommendation, the parties  may file a
memorandum setting forth arguments on whether a certificate of
appealability should issue. See 28 U.S.C. §2253(c)(2).  A courtesy
copy of the memorandum shall be provided to the District Judge at
the time of filing.*

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 30th day
of November, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE